IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

**GEORGE J. BLACK,**
**No. 12653-027,**

**Petitioner,**

vs.                                                             Case No. 16-cv-921-DRH

**T.J. WERLICH,**

**Respondent.**

## MEMORANDUM AND ORDER

**HERNDON, District Judge:**

Petitioner, currently incarcerated in the FCI-Greenville, Illinois, brings this habeas corpus action pursuant to 28 U.S.C. § 2241 to challenge the execution of his sentence. Specifically, he seeks restoration of 41 days of good conduct credit which was revoked when he was found guilty of a disciplinary infraction on November 17, 2015 (Doc. 1, p. 2).

According to petitioner, on October 12, 2015, he was placed into an "eight man tank" with seven other inmates (Doc. 1, p. 3). He did not know any of the cellmates prior to that date. On October 15, 2015, at 7:15 p.m., a random search of the cell was conducted. As a result, two "one-hitter" marijuana pipes were found inside a toilet paper roll, which had been placed inside a yellow laundry bag hanging on the wall of the cell's bathroom.

Petitioner and the other seven prisoners were escorted to the Special Housing Unit (SHU), where each one was interviewed and underwent a urinalysis.

Only one cellmate (A. Collins) tested positive for drugs (Doc. 1, p. 2). Collins then admitted that he was the owner of the pipes, and took responsibility for the conduct violation. Collins was placed in segregation. Petitioner and the other six cellmates all tested negative, and they were released back to their housing unit.

Notwithstanding these developments, petitioner was charged with possession of drugs or related paraphernalia, and appeared at a disciplinary hearing on November 17, 2015. Evidence was presented regarding the contraband found in the cell, the urinalysis results, and the confession of inmate Collins. Petitioner chose to remain silent and presented no defense. Despite the evidence of Collins' guilt, the hearing officer found petitioner guilty, stating: "[Y]ou would have made a statement and presented a defense against the charges throughout the entire discipline process to include during the UDC hearing" (Doc. 1, p. 2). Petitioner maintains that his choice to remain silent was not a statement of guilt, and his silence was the only evidence against him.

The Court recognizes that it is permissible to draw adverse inferences from a prisoner's silence in a prison disciplinary proceeding, particularly when faced with probative evidence of guilt. *See Lenea v. Lane*, 882 F.2d 1171, 1174 (7th Cir. 1989) (citing *Baxter v. Palmigiano*, 425 U.S. 308, 319, (1976)). However, the hearing officer's apparent reliance on petitioner's choice to remain silent, coupled with cellmate Collins' confession of guilt, and the lack of direct evidence of petitioner's knowledge or actual possession of the contraband, presents a due process challenge to the sufficiency of the evidence that precludes dismissal of the

petition at this time. *See Superintendent, Mass. Corr. Inst. v. Hill*, 472 U.S. 445, 454 (1985) (revocation of good conduct credits must be supported by "some evidence" in order to satisfy due process concerns); *see also Austin v. Pazera*, 779 F.3d 437 (7th Cir. 2015) ("some evidence" standard was not met where contraband was found in workspace where four other inmates had access).

Without commenting on the merits of petitioner's claims, the Court concludes that the petition survives preliminary review under Rule 4 and Rule 1(b)[1] of the Rules Governing Section 2254 Cases in United States District Courts.

**IT IS HEREBY ORDERED** that respondent shall answer or otherwise plead within thirty days of the date this order is entered (on or before January 4, 2017).[2] This preliminary order to respond does not, of course, preclude the Government from raising any objection or defense it may wish to present. Service upon the United States Attorney for the Southern District of Illinois, 750 Missouri Avenue, East St. Louis, Illinois, shall constitute sufficient service.

**IT IS FURTHER ORDERED** that pursuant to Local Rule 72.1(a)(2), this cause is referred to United States Magistrate Judge Clifford J. Proud for further pre-trial proceedings.

**IT IS FURTHER ORDERED** that this entire matter be **REFERRED** to United States Magistrate Judge Proud for disposition, as contemplated by Local

---

[1] Rule 1(b) of those Rules gives this Court the authority to apply the rules to other habeas corpus cases.

[2] The response date ordered herein is controlling. Any date that CM/ECF should generate in the course of this litigation is a guideline only. *See* SDIL-EFR 3.

Rule 72.2(b)(2) and 28 U.S.C. § 636(c), *should all the parties consent to such a referral.*

Petitioner is **ADVISED** of his continuing obligation to keep the Clerk (and each opposing party) informed of any change in his whereabouts during the pendency of this action. This notification shall be done in writing and not later than seven (7) days after a transfer or other change in address occurs. Failure to provide such notice may result in dismissal of this action. *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

**Dated: December 5, 2016**

Digitally signed by
Judge David R.
Herndon
Date: 2016.12.05
10:38:06 -06'00'

**United States District Judge**